## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BOBBI JO WING,<br><br>Defendant. | **Cause No. CR 05-88-GF-BMM-1**<br><br><br>**AMENDED ORDER** |

## INTRODUCTION

Defendant Bobbi Jo Wing ("Wing") filed a motion for compassionate release on June 3, 2024. (Doc. 143.)  Wing's counsel filed a supplemental motion for compassionate release on October 4, 2024.  (Doc. 151.)  Wing argues that extraordinary and compelling reasons warrant a reduction in sentence, including her long sentence, her youth at the time of the offense, her rheumatoid arthritis, and her rehabilitative strides.  (Doc. 151 at 14.)  The Government recommends reducing Wing's sentence to time served followed by five years' supervised release.  (Doc. 154.)

## FACTUAL BACKGROUND

Wing and her codefendant and husband, Kenneth Arcand, set fire to their home and garage during Wing's birthday party after a longstanding family disagreement about the home's ownership escalated.  (Doc. 151 at 7.)  Wing and

1

Arcand believed that Wing's cousin, Angel Denny, had left the party earlier in the evening.  (Doc. 151 at 6–8.)  After Wing and Arcand set the house on fire, they learned that Denny had passed out in a back room.  (Doc. 151 at 8.)  Arcand and others present at the party attempted to rescue Denny.  (*Id.*)   They were unsuccessful, and Denny died in the fire.  (*Id.*)

The Government charged Wing and Arcand with first degree murder in violation of 18 U.S.C. §§ 1153(a) and 1111.  (Doc. 1.)  The Superseding Indictment added a second charge of arson in violation of 18 U.S.C. § 81.  (Doc. 43.)  Wing and Arcand proceeded with separate trials for each charge.  (Doc. 63.)  A jury found Wing and Arcand guilty of first degree murder during the commission of arson. (Doc. 1; Doc. 73; Doc. 74.)  The Court sentenced Wing and Arcand to life in prison on February 15, 2006.  (Doc. 92; Doc. 91.)  Wing is currently incarcerated at Waseca FCI.   Inmate Locator, https://www.bop.gov/inmateloc (accessed November 1, 2024).

## DISCUSSION

Wing has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. Wing contends that extraordinary and compelling reasons exist for reducing Wing's sentence and that the § 3553(a) factors support such a reduction. The Government responded to the motion to clarify the record regarding its charging

2

decision but requested that the Court reduce Wing's sentence to time served followed by five years' supervised release.  (Doc. 154 at 2.)  The Court will grant Wing's motion.

I.     **Motion for Compassionate Release**

A.     **Availability of Relief Under 18 U.S.C. § 3582**

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)).  The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment.  *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient.  28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448.  The law instead directs the United States Sentencing Commission ("USSC") to issue a policy

statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

Section 1B1.13(b) outlines several categories of circumstances that constitute extraordinary and compelling reasons for reducing a defendant's sentence. USSG § 1B1.13(b). These categories include the following: (1) medical circumstances; (2) advanced age of the defendant; (3) family circumstances; (4) the defendant was a victim of abuse while incarcerated; and (5) unusually long sentences. USSG §

4

1B1.13(b).  Section 1B1.13(b)(5) further provides a catchall category where "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [other described reasons], are similar in gravity to [the other described reasons]." USSG § 1B1.13(b)(5). The USSC established the catchall "other reasons" provision to acknowledge that "what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate."  USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 10.

### B.    Exhaustion of Remedies

Wing appropriately exhausted her administrative remedies before filing her motion for compassionate release. Wing submitted a request for compassionate release to the warden of the facility in which Wing is incarcerated on January 24, 2024. (Doc. 143-1 at 10, 17.) The BOP denied Wing's initial request and her administrative appeal.  (Doc. Doc. 143-1 at 5, 8, 17.)  Wing has fully exhausted all administrative rights to appeal the BOP's decision. 18 U.S.C. § 3582(c)(1)(A).

### C.    Extraordinary and Compelling Reasons

Wing asserts three primary reasons for a compassionate release. Wing raises

her unusually long sentence, her youth at the time of the crime, her medical circumstances, and her significant rehabilitative efforts during her incarceration as grounds supporting a reduction of Wing's sentence to time served.

### i.   Unusually Long Sentence

Section 1B1.13(b)(6) of the USSG provides that extraordinary and compelling reasons may exist where the defendant received an unusually long sentence, the defendant has served at least ten years, and a change in the law has occurred.   USSG 1B1.13(b)(6).   The change in the law must "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."   *Id.*   In conjunction with this provision, the Court maintains "broad discretion . . . to consider a wide array of extraordinary and compelling justifications for release."   USSG § 1B1.13(b)(5).

The Government acknowledges that at the time of Wing's offense, the Department of Justice's policy, known as the "most serious readily provable charge," required the Government to pursue conviction for the "most serious crime that could be proven beyond a reasonable doubt."  (Doc. 154 at 2.)  The DOJ also directed the Government to pursue statutory enhancements and obtain the most substantial sentence available.  (Doc. 151 at 15–16.)  Later, the DOJ rescinded this policy and instead directed that charging decision be "made in the context of an

6

individualized assessment" of the defendant and the facts of the case.  (Doc. 151 at 16.)  Since this policy change, life sentences have become rare even for defendants convicted of murder.  (Doc. 151 at 17–18.)

Under the current DOJ policy, Wing and Arcand likely would not have been charged with first degree murder.  (Doc. 154 at 4. ("[T]here is no doubt that the charging policy of the Department of Justice led to the convictions for felony murder.").)  The Government's support of Wing's motion arises in part from the recognition that Wing and Arcand already have served an appropriate sentence for arson resulting in death, rather than first degree murder.  (Doc. 154 at 4.)  If sentenced today, the Government contends that Wing and Arcand would likely have received a sentence within the advisory Guidelines range of 168–210 months, at most, for arson resulting in death.  (Doc. 154 at 4; Doc. 151 at 20.)  For defendants convicted of arson and murder in the District of Montana from 2020–2024, the average sentence length is 135 months' imprisonment, and the median sentence length is 140 months' imprisonment. United States Sentencing Commission, Interactive Data Analyzer, https://ida.ussc.gov/analytics/saw.dll?Dashboard, accessed on November 4, 2024, and applying the following filters: Fiscal Years: 2020, 2021, 2022, 2023; District: Montana; Crime Type: Murder, Arson.  Wing and Arcand have served more than 224 months since their sentencing in February 2006,

7

without consideration for good time credit.

Life imprisonment proves a grossly disparate sentence even for murder when compared to other defendants.  For fiscal years 2020–2024, the median sentence length for defendants convicted of murder in the District of Montana was 224 months' imprisonment followed by 5 years' supervised release.   United States Sentencing Commission, Interactive Data Analyzer, https://ida.ussc.gov/analytics/saw.dll?Dashboard, accessed on November 4, 2024, and applying the following filters: Fiscal Years: 2020, 2021, 2022, 2023; District: Montana; Crime Type: Murder.  Both Wing and Arcand had no appreciable criminal history, resulting in a Level I criminal history category.  When this attribute is added to the data provided by the United States Sentencing Commission, the median sentence length drops to 190 months' imprisonment.   United States Sentencing Commission, Interactive Data Analyzer, https://ida.ussc.gov/analytics/saw.dll?Dashboard, accessed on November 4, 2024, and applying the following filters: Fiscal Years: 2020, 2021, 2022, 2023; District: Montana; Crime Type: Murder; Criminal History Category: I.  The Court finds that the life sentences imposed on Wing and Arcand result in a gross disparity between the sentences they are currently serving and the sentence likely to be imposed today. This gross disparity exists regardless of whether the operative charge is first degree

murder or arson and murder.

## ii.    Medical Circumstances

Section 1B1.13(b)(1) outlines when medical circumstances constitute extraordinary and compelling reasons for a sentence reduction. Medical circumstances constitute extraordinary and compelling reasons where the defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care" and from which the defendant "is not expected to recover." USSG § 1B1.13(b)(1)(B). Extraordinary and compelling reasons also exist where the defendant suffers from a "condition that requires long-term or specialized care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." USSG § 1B1.13(b)(1)(C).

Wing argues that her medical conditions constitute extraordinary and compelling reasons for a sentence reduction. Wing points to her diagnosis of rheumatoid arthritis, which causes her chronic pain, swelling, and stiffness. (Doc. 151 at 20–21.) The Court recognizes that Wing has been diagnosed with a painful condition that the BOP is treating with a medication carrying serious side-effects after long-term use. Wing has failed to include, however, evidence that these conditions substantially diminish Wing's ability to provide self-care within the environment of a correctional facility.  Though the Court will consider Wing's

9

medical conditions within the context of the § 3553(a) factors, Wing's medical conditions fail to rise to the level of extraordinary and compelling reasons for a sentence reduction.

### iii.    Other Reasons

Section 1B1.13(b)(5) of the USSG provides that extraordinary and compelling reasons may exist when a defendant "presents any other circumstance or combination of circumstances" that are "similar in gravity" to the other enumerated extraordinary and compelling reasons.   The Court will consider Wing's youth at the time of the offense and her rehabilitative strides within the context of the § 3553(a) factors.  Because Wing received a grossly disproportionate sentence, the Court need not reach these issues to determine whether Wing presents extraordinary and compelling reasons for a sentence reduction.

### D.    Section 3553(a) Factors and Danger Posed by the Defendant

The Court still must determine whether the defendant represents a danger to the safety of others or the community and whether the requested reduction would comport with the § 3553(a) factors. USSG § 1B1.13(a); 18 U.S.C. 3582(c)(1)(A). Section 3553(a) of Title 18 of the United States Code provides:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

10

       (2) the need for the sentence imposed—

          (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

          (B) to afford adequate deterrence to criminal conduct;

          (C) to protect the public from further crimes of the defendant; and

          (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*) Section 3142(g) of Title 18 of the United States Code outlines similar considerations for determining whether someone represents a danger to the safety of others or the community. These factors include the nature and characteristics of the offense and the history and characteristics of the defendant.

Wing committed a serious offense that resulted in the death of her young cousin. Wing has served more than 18 years in prison, not accounting for good time credit. As discussed above, Wing has already served an appropriate sentence for such an offense. Adequate punishment has been imposed that reflects the seriousness of Wing's crime. Adequate deterrence also appears to have been achieved. Wing does not appear to have reports of misconduct during her imprisonment beyond one infraction for "writing in code" in 2006. (Doc. 151 at 21.) Wing's First Step Act Recidivism Risk Assessment classifies her as a low-risk

minimum security level prisoner.   (Doc. 143-1 at 22.)   These facts support a conclusion that Wing does not represent a danger to the community.

Wing's needs for programming and treatment also appear to have been satisfied.  Wing is now 44 years old.  During her incarceration, Wing has completed numerous courses including film studies, mathematics, anger management, women's relationships, life communications skills, suicide watch, and drug education.  (Doc. 151 at 21–22.)  Wing has taken leadership roles in the Choices Program and the Celebrate Recovery Program and participated extensively in suicide prevention programs.   (Doc. 151 at 22.)   Wing has maintained consistent employment through UNICOR and received thousands of hours in training in the PAWS Program, where she now serves as a mentor for new program participants. (Doc. 151 at 23.)  Wing has participated in programs designed to ensure sobriety and furthered her education through college courses and educational opportunities within the BOP.  The § 3553(a) factors weigh in favor of granting a sentence reduction.

## CONCLUSION

Wing has demonstrated that extraordinary and compelling reasons exist for reducing her sentence. Wing also has shown that she is not a danger to the community and that a reduction of her sentence proves consistent with the § 3553(a) factors. The Court will grant Wing's motion for compassionate release. The Court

will stay this order, however, for a period of one hundred twenty (120) days to allow

U.S. Probation time to work on a release plan for Wing.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Wing's motion for compassionate release pursuant to 18 U.S.C. § 3582 (Doc. 143; Doc. 151) is **GRANTED.**

2. Wing shall be release by 5:00 p.m. on December 9, 2024. Pursuant to the original judgment and 18 U.S.C. § 3582(c)(1)(A), the total term of supervised release shall be 5 years.

3. The U.S. Probation Office must verify Wing's residence and establish a release plan. Appropriate travel arrangements also must be made.

4. The U.S. Probation Office shall review Wing's conditions of supervised release. If modifications are needed, the U.S. Probation Office should notify the counsel for both parties.

5. Wing must provide the Court with the complete address where she will reside upon release.

DATED this 2nd day of December, 2024.


_____
Brian Morris, Chief District Judge
United States District Court